**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00739-REB-KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as subrogee of MADISON CAPITAL MANAGEMENT, LLC,

   Plaintiff,

v.

GREGORY S. BUCZYNSKI,

   Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**Blackburn, J**.

The matter before me is plaintiff's **Renewed Motion for Entry of Default Judgment** [#10][1] filed August 17, 2011. I deny the motion without prejudice.

On June 17, 2011, defendant, Gregory S. Buczynski, was served personally with a copy of the summons and complaint. Defendant failed to answer or otherwise respond to the complaint within the time permitted by law, and, thus, has admitted the factual allegations of the complaint other than those relating to damages. *See* **FED. R. CIV. P**. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996). Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the clerk of the court on August 11, 2011, [#9].

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Plaintiff now seeks a default judgment against defendant. However, its motion fails to apprise the court about how the facts in the complaint, which are now admitted by defendant's failure to answer or otherwise appear in this action, prove up any of the plaintiff's three common law claims for relief. I decline plaintiff's implicit invitation to divine the legal basis for a judgment in its favor. Thus the motion must be denied without prejudice.[2]

**THEREFORE, IT IS ORDERED** that plaintiff's **Renewed Motion for Entry of Default Judgment** [#10] filed August 17, 2011, is **DENIED WITHOUT PREJUDICE**.

Dated January 24, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Plaintiff is advised further that, if it is entitled to costs under to Fed. R. Civ. P. 54(d)(1), such costs are recoverable in the time and manner prescribed by D.C.COLO.LCivR 54.1.