**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00739-REB-KMT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as subrogee of MADISON CAPITAL MANAGEMENT, LLC,

    Plaintiff,

v.

GREGORY S. BUCZYNSKI,

    Defendant.

**ORDER RE:  AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**Blackburn, J.**

    The matter before me is plaintiff's **Amended Motion for Entry of Default Judgment** [#17][1] filed January 31, 2012.  I grant the motion, except as it seeks damages in addition to those actually paid to the subrogor.

    I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff duly served defendant, Gregory S. Buczynski, in accordance with Fed. R. Civ. P. 4(e). (**See** [#5] filed June 24, 2011.)  Defendant failed to answer or otherwise respond within the time permitted by law, and thus has admitted the factual allegations of the complaint other than those relating to damages.  See **FED. R. CIV. P.** 8(d).  **See also Burlington Northern Railroad Co. v. Huddleston**, 94 F.3d 1413, 1415 (10th Cir. 1996); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 58-59 (3rd ed. 1998).  The clerk of the court made entry of default pursuant to Fed. R. Civ. P. 55(a) on August 11, 2011 [#9].  **See Garrett v. Seymour**, 2007 WL 549388 at *2 (10th Cir. Feb. 23, 2007) (clerk's entry of default under Rule 55(a) is "a prerequisite for the entry of a default judgment" under Rule 55(b)).

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

The complaint alleges that defendant, as Chief Financial Officer for Madison Services Company, LLC, an affiliate of plaintiff Madison Capital Management, LLC ("Madison"), caused funds from his employer, which were neither approved nor consistent with his bonus or employment agreements, to be wire transferred to accounts he controlled.  In connection with each of the four transfers alleged in the Complaint, defendant made material false representations to employees of Madison's Corporate Accounting Department to make the payments appear legitimate.  In total, defendant misappropriated $578,685 from Madison.

Plaintiff paid Madison's claim for loss, less a $100,000 deductible, under the terms of a Fidelity Bond it issued to Madison.  Plaintiff brings this lawsuit as subrogee of Madison, alleging claims for deceit based on fraud, breach of fiduciary duty, and conversion.  The allegations of the Complaint are sufficient to establish the elements of each and all three of these claims for relief under Colorado state law.  **See Stauffer v. Stegemann**, 165 P.3d 713, 717 (Colo. App. 2006) (elements of conversion); **Graphic Directions, Inc. v. Bush**, 862 P.2d 1020, 1022 (Colo. App. 1993) (elements of breach of fiduciary duty); **Forsyth v. Associated Grocers, Inc.**, 724 P.2d 1360, 1363 (Colo. App. 1986) (elements of deceit based on fraud).

Pursuant to Fed. R. Civ. P. 55(b), when the damages are for a sum certain, the court may enter judgment for that amount and costs against a defendant who has failed to appear. Plaintiff seeks damages against defendant in the entire amount misappropriated from Madison, that is, $578,685.00.  However, because Madison paid a $100,000 deductible on the claim, it appears that plaintiff is only partially subrogated to Madison's rights against defendant.  **See** 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, **Federal Practice & Procedure** § 1546 (3rd ed. 2011); **Hanover Insurance Co. v. Brandt Construction Co.**, 2011 WL 6648232 at *2 (C.D. Ill. Dec. 21, 2011) ("[A]n insurer that has only paid part of the loss is only partially subrogated to the insured's substantive right of recovery. . . ") (citing **Krueger v. Cartwright**, 996 F.2d 928, 932 (7th Cir.1993)).  Unlike assignment, which transfers the entire value of the assignor's claim,

"subrogation transfers the claim only to the extent necessary to reimburse the subrogee." ***State Farm Fire and Casualty Co. v. Weiss***, 194 P.3d 1063, 1067 (Colo. App. 2008).[2] I therefore cannot conclude that plaintiff is entitled to more than the $478,685.00 it paid Madison.

Plaintiff also is entitled to pre-judgment interest from the last date defendant wrongfully withheld funds belonging to Madison, that is, September 9, 2009, until the date of payment or the date judgment is entered, whichever occurs first.  ***See*** §5-12-102(1)(b), C.R.S.  ***See also Goodyear Tire & Rubber Co. v. Holmes***, 193 P.3d 821, 825 (Colo. 2008).  In addition, plaintiff is entitled to post-judgment interest and costs as provided by law.

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Amended Motion for Entry of Default Judgment** [#17] filed January 31, 2012, is **GRANTED IN PART** consistent with the foregoing findings of fact and conclusions of law and the following orders;

2.  That default judgment **SHALL ENTER** in favor of plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, as subrogee of Madison Capital Management, LLC, against defendant, Gregory S. Buczynski, on all claims for relief; provided, that the judgment shall be with prejudice;

3.  That plaintiff is **AWARDED** damages against defendant in the amount of $478,685.00;

4.  That plaintiff is **AWARDED** pre-judgment interest on the principal amount set forth in paragraph 3 above at the rate of eight per cent (8%) per annum, compounded annually, from September 9, 2009, until the date of payment or the date of judgment, whichever first occurs;

---

[2] Plaintiff sues in its capacity as subrogee of Madison.  Although it attached a copy of a document entitled "Assignment and Release Agreement" ostensibly between it and Madison (although signed only by Madison), the document does not clearly demonstrate that Madison assigned to plaintiff any right to recoup the amount of the deductible.

5. That plaintiff is **AWARDED** post-judgment interest, as provided by 28 U.S.C. § 1961, on the principal amount set forth in paragraph 3 above, from the date of this order until the judgment is paid in full; and

6. That plaintiff is **AWARDED** its costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated June 1, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge